**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 09-4344**

―――――――――――

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

GREGORY KHAIR BROOKS,

            Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (2:08-cr-00144-RGD-JEB-1)

―――――――――――

Submitted: April 5, 2010            Decided:  May 4, 2010

―――――――――――

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

Michael S. Nachmanoff, Federal Public Defender, Richard J. Colgan, Assistant Federal Public Defender, Patrick L. Bryant, Research and Writing Attorney, Norfolk, Virginia; Scott A.C. Meisler, SIDLEY AUSTIN LLP, Washington, D.C., for Appellant. Neil H. MacBride, United States Attorney, Elizabeth Bartlett Fitzwater, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Khair Brooks appeals the district court's denial of his motion to suppress a handgun discovered during the course of a search of his vehicle. Brooks entered a conditional plea of guilty to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2006). He reserved his right to appeal the denial of his suppression motion. We affirm.

This court reviews the district court's factual findings underlying a motion to suppress for clear error and the court's legal determinations de novo. United States v. Day, 591 F.3d 679, 682 (4th Cir. 2010). When a district court denies a suppression motion, we review the evidence in the light most favorable to the Government. United States v. Matthews, 591 F.3d 230, 234 (4th Cir. 2009). This court gives due regard to the district court's opportunity to judge the credibility of witnesses "for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008).

Having a trained dog sniff the perimeter of a defendant's lawfully stopped vehicle does not of itself constitute a search. United States v. Jeffus, 22 F.3d 554, 557

(4th Cir. 1994) (citing United States v. Place, 462 U.S. 696, 707 (1983)).  A positive dog alert for the presence of drugs provides probable cause for a search.  Id. at 557.  This court has rejected a standard that "dog alert testimony must satisfy the requirements for expert scientific testimony. . . . [T]he dog's alert . . . would serve not as actual evidence of drugs, but simply to establish probable cause to obtain a warrant to search for such substantive evidence."  United States v. Allen, 159 F.3d 832, 839-40 (4th Cir. 1998); see also United States v. Kelly, 592 F.3d 586, 592 (4th Cir. 2010) ("Dogs, of course, react not to the presence of drugs themselves but to their odors.").  Our review of the record leads us to conclude that the district court properly denied Brooks' motion to suppress.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3